UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-80192-ROSENBERG/REINHART

UNITED STATES OF AMERICA

vs.

BRANDON MICHAEL HARE,

    Defendant.

_____/

## FACTUAL BASIS IN SUPPORT OF GUILTY PLEA

The United States of America and Brandon Michael HARE, (hereinafter "Defendant") agree that had this case proceeded to trial, the United States would have proven the following elements and facts beyond a reasonable doubt as to Count 1 of the Indictment charging the defendant with Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

### Elements

**First**: The Defendant and others agreed to accomplish a shared and unlawful plan to possess a mixture and substance containing a detectable amount of methamphetamine;

**Second**: That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it; and

**Third**: That the object of the unlawful plan was to possess with intent to distribute a controlled substance, specifically, fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine.

### Facts

1. In April 2022, the DEA began investigating the distribution of crystal methamphetamine by a retail dealer operating in West Palm Beach, FL. The investigation progressed and in or around

July 2022, the DEA identified co-defendant Victoria Williams ("V.Williams") as distributing crystal methamphetamine to the retail dealer's suppliers. Over the course of the next several months, law enforcement conducted several controlled purchases of crystal methamphetamine from co-defendant V.Williams. On April 6, 2023, agents began intercepting the wire and electronic communications of a telephone number used by co-defendant V.Williams to communicate primarily with co-conspirators for a period of 30 days. During those interceptions, agents determined that co-defendant V.Williams used a second telephone number to facilitate her crystal methamphetamine distribution as well. As such, on May 5, 2023, agents renewed the interception of co-defendant V.Williams' first phone for an additional 30 days and on May 6, 2023, initiated the interception of her second phone for a period of 30 days. During the period in which agents intercepted telephones used by co-defendant V.Williams, agents identified several co-conspirators, including the defendant.

2. On Aril 14, 2023, the following text message exchange was intercepted between V.Williams and the defendant:

> V.Williams: How many
>
> Defendant: The same thing 5 pc nugget
>
> Defendant: But tomorrow if u can
>
> V.Williams: Ok cool

3. The defendant and V.Williams later agreed to meet on the evening of April 17, 2023. Following their meeting, the defendant called and sent text messages to V.Williams explaining that he didn't receive the crystal methamphetamine in the bag that she gave to him during their meeting. V.Williams then sent the following text messages to the defendant, "Hey I'm not trying to buck u for 1000 dollars that's no money for me I honestly gave u that accident," and "If u still

want these 5 shakes I can give u these if u in rush but if u give me until about 3-4 around that I can give u Rocky climate also up to u." The defendant responded, "Ill wait i giess [sic]." The defendant and V.Williams thereafter agreed to meet on April 18, 2023.

4. During these calls and text message exchanges, V.Williams asked the defendant about the quantity of crystal methamphetamine that he wanted to purchase. In response, the defendant stated that he would purchase five ounces of crystal methamphetamine ("5 pc nugget"). Based on the additional text messages from V.Williams, she charged the defendant $1,000 for the five ounces. Additionally, V.Williams told the defendant that if he waited until later in the afternoon she could provide him better quality crystal methamphetamine ("rocky climate").

5. On April 18, 2023, the defendant called V.Williams and asked if she was ready. She confirmed that she was ready and stated, "You can come at 6th, I'm over here now." Later that day, the defendant sent a text message to V.Williams and stated, "I'm here." Agents conducting physical surveillance at 2864 NW 6th Court, Fort Lauderdale, Florida observed the defendant arrive to the residence in a rental vehicle, which was rented in his name, and conduct a five ounce crystal methamphetamine transaction with V.Williams.

6. On April 24, 2023, the following call was intercepted between the defendant and V.Williams:

> V.Williams: I have two of them. If you really like them
>
> Defendant: Are they [Unintelligible]
>
> V.Williams: Yeah, what does that mean?
>
> Defendant: Are they the same?
>
> V.Williams: Oh yeah yeah. Yeah it's in the same box.
>
> [Cross talk]

3

Defendant: Like the one says the same thing as the other one on it.

V.Williams: Yeah well I got to open them up. We can open the box.

Defendant: Well, you haven't even look at it sh*t.

V.Williams: Well, I like for the person to open it look at it. [Cross talk] It don't matter if I look at it or not. I know what it is.

Defendant: Right, alright. Alright then.

V.Williams: You hear me.

[Cross talk]

Defendant: Just bring the one for now.

V.Williams: I understand.

7. The defendant then sent a text message to V.Williams and stated, "5108 7175 orange dr davie fl 33314." The defendant and V.Williams later met at the defendant's residence in Davie, Florida. Following the meeting, a call was intercepted between the defendant and V.Williams. During the call the defendant stated, "I'm right behind you there ain't nothing in that box." The defendant continues to tell V.Williams that he will follow her to a gas station to obtain crystal methamphetamine because there wasn't anything in the box that she provided to him at his residence. The intercepted call continued, and the defendant stated, "Is there supposed to be one or two?" V.Williams responded, "One, there is only one." Shortly after the call ended, agents conducting physical surveillance of V.Williams observed her meet with the defendant and provide him a box containing one ounce of crystal methamphetamine.

8. During the interception period of V.William's telephones, agents intercepted approximately one hundred and ninety six pertinent calls and text messages between the defendant and V.Williams.

9. All events occurred in the Southern District of Florida.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

2/23/24
DATE

By: BRIAN D. RALSTON
ASSISTANT UNITED STATES ATTORNEY

2/23/24
DATE

By: MICHAEL A. GOTTLIEB
COUNSEL FOR DEFENDANT

2/23/24
DATE

By: BRANDON MICHAEL HARE
DEFENDANT